```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STATE FARM FIRE AND CASUALTY   :   CIVIL ACTION
COMPANY                        :
                               :
     v.                        :
                               :
JOSEPH BENZON, et al.          :   NO. 12-2670
```

MEMORANDUM

McLaughlin, J.                                     August 6, 2012

The plaintiff brought this action for a declaratory judgment in connection with a personal injury suit in the Philadelphia County Court of Common Pleas, captioned <u>Deeley and Phillips v. MGR Travel, Ltd., et al.</u>, Sept. Term 2011, No. 2856 (the "Underlying Action"), in which Joseph Benzon was made a defendant pursuant to a joinder complaint.  The Underlying Action arises out of a chartered bus trip to a hockey game in New Jersey organized by Joseph Benzon.  State Farm seeks a declaration that it does not owe a duty to defend Joseph Benzon under the home insurance policy of his father, Robert Benzon.  State Farm filed this action on May 16, 2012 and the Benzons were served on May 31, 2012.  The Benzons failed to appear, plead, or otherwise defend before June 21, 2012, and State Farm requested default against the Benzons on June 22.  The Clerk entered default against the defendants on that day.

The defendants move now to set aside the default.  They argue that the default arose from Robert Benzon's mistaken belief

that he was entitled to counsel from the Fraternal Order of Police ("FOP"), and that once other counsel was obtained, the instant motion was filed.  Because the factors governing the motion counsel in favor of lifting the default, the Court will grant the motion.

Motions to set aside default are governed by four factors: (1) prejudice to the plaintiff resulting from granting the motion; (2) the defendant's presentation of a prima facie meritorious defense; (3) the excusability or culpability of the defaulting defendant's conduct; and (4) the effectiveness of alternative sanctions.  <u>Emasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 73 (3d Cir. 1987) (citing <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984)).  The Court considers those factors below.

I.     <u>Prejudice to the Plaintiff</u>

The plaintiff will not be prejudiced by the setting aside of the Clerk's entry of default in this case.  State Farm asserts that the delay caused by granting the defendants' motion would obligate it to continue providing a defense in the Underlying Action while the issue of coverage was decided in this Court on the merits.  Pl.'s Opp. 2.

This is not a proper basis for denial of the instant motion.  Prejudice may be shown under the circumstances by showing the potential for fraud or collusion, the loss of

available evidence, or substantial reliance on the judgment. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3d Cir. 1982).  State Farm has not argued either of the first two factors, and it cannot plausibly assert its reliance on the third.  Although default has been entered against the defendants by the Clerk, no default judgment has been entered and State Farm, by its own assertion, continues to provide a defense to the Benzons in the Underlying Action.  Fewer than ninety days have passed since the entry of default.  The plaintiff will not be prejudiced by proceeding to seek a decision on the merits in this action, which is favored in this Circuit over default judgment. Gross v. Stereo Component Sys., Inc. 700 F.2d 120, 122 (3d Cir. 1983).

II.   Presentation of a Meritorious Defense

In this action, State Farm asserts that it is not obligated to defend the Benzons because in organizing the chartered bus trip that resulted in the Underlying Action, Joseph Benzon was engaged in a "business pursuit," which relieves it of any obligation to defend under Robert's homeowners policy. According to the Joinder Complaint in the Underlying Action, the plaintiffs in that case paid a fee to the trip's organizer, an organization known as Center Fuse, and that Joseph Benzon owned and operated that company.

The defendants offer a proposed answer to the complaint

in this action as part of their motion.  It asserts that Robert Benzon had no involvement with the bus trip at all, and that Joseph Benzon was not the "owner and operator" of Center Fuse, which was an internet message board to which he posted messages.  The proposed answer denies that Joseph Benzon "advertised" the bus trip, that he made a profit on the trip, and that he was engaged in a business pursuit within the meaning of the policy.  Proposed Ans. ¶¶ 42-45, Defs.' Mot. Ex. 1.

State Farm's opposition attaches a copy of an agreement between Elite Coach (the chartering company and defendant in the Underlying Action) and Benzon, asserting that the document renders it "clear that Joseph Benzon was engaged in a 'business pursuit' in connection with running the bus trip at issue . . . ."  Pl.'s Opp. 5 (citing Opp. Ex. A).  The exhibit attached to the plaintiffs' opposition is a contract between Joseph Benzon and the charter bus company, but does not otherwise demonstrate that he was engaged in a business pursuit.  Moreover, the plaintiff's offer of proof is irrelevant.  The second factor the Court must consider is whether the defendant has presented a <u>prima facie</u> meritorious defense.  If Joseph Benzon was not engaged in a business pursuit, that fact would constitute a meritorious defense here.  This factor thus weighs in favor of lifting the default.

III. <u>Culpability and Alternative Sanctions</u>

    The defendants have asserted that their failure to appear arose from a mistaken belief by Joseph Benzon that he could obtain counsel through the FOP to defend him in this action. Joseph Benzon has executed a verification as to the facts asserted in the motion. ECF No. 8. Once Benzon was made aware that the FOP would not defend him, he sought counsel. These actions do not constitute actions taken willfully or in bad faith, as required under this factor. <u>Gross</u>, 700 F.2d 1t 123-24.

    The Court concludes that alternative sanctions are not necessary in this matter. The plaintiff agrees that the factor does not weigh heavily on the instant motion, and that alternative sanctions are inappropriate here. The defendants' failure to timely respond in this matter was inadvertent, or at most, negligent, they have presented a meritorious defense, and the plaintiff will not be prejudiced by the lifting of default here.

    An appropriate order will issue separately.